United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 1, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-30275**

_____

**LISA T. PALMER; ERNEST NAVARRE, JR.,**

> **Plaintiffs-Appellants,**

**versus**

**STANLEY DWIGHT GRIFFIN; ET. AL.,**

> **Defendants,**

**STANLEY DWIGHT GRIFFIN; TRAVELERS PROPERTY &
CASUALTY INSURANCE CO.; SCHNEIDER NATIONAL
CARRIERS, INC.,**

> **Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Western District of Louisiana
Civil Docket #99-CV-2292

_____

Before GARWOOD, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Palmer and Navarre have appealed a take-nothing judgment, rendered after a jury trial, in their damage suit arising because of an auto-truck collision in Lafayette Parish, Louisiana. Appellants contend that the court lacked jurisdiction at least over Palmer's claim. They also challenged the jury findings that neither plaintiff suffered "any injury"; the trial court's refusal to grant a new trial; and its ruling on a motion in limine. This court has carefully considered the arguments in light of the briefs, oral argument, and pertinent portions of the record. We find no reversible error.

1.    The court could plainly exercise supplemental jurisdiction over Palmer's claim under 28 U.S.C. § 1367 because Navarre's claim exceeded the jurisdictional limit for diversity purposes, and Palmer's claim was "so related to claims in the action within [the court's jurisdiction] that they form part of the same case or controversy under Article III . . . ." 28 U.S.C. § 1367(a). See Stromberg Metal Works, Inc. v. Press Mech., Inc., 77 F.3d 928, 931 (7th Cir. 1996) (relying on In re: Abbot Laboratories, 51 F.3d 524, 529 (5th Cir. 1995), aff'd. by an equally divided Court, FREE v. Abbot Labs., Inc., 120 S.Ct. 1578 (2000)).

2.    Based on the substantially controverted evidence at trial, appellants' complaint of insufficient evidence to support the jury verdict lacks merit. To the extent that appellants contend that the verdict was against the great weight and

2

preponderance of the evidence, and that the trial court abused its discretion in refusing to order a new trial, the standard of review "is far more narrow than that for denials of judgment as a matter of law." Whitehead v. Food Max of Mississippi, Inc., 163 F.3d 265, 270 n.2 (5th Cir. 1998). Moreover, review of the denial of a new trial motion is more limited than review of a decision to grant a motion for new trial. See Whitehead, 163 F.3d at 269. Finally, where the motion for new trial is predicated on evidentiary grounds, denial of a new trial will be affirmed "unless the movant makes a 'clear showing' of an 'absolute absence of evidence to support the jury's verdict.'" Thomas v. Texas Department of Criminal Justice, 297 F.3d 361, 368 (5th Cir. 2002). Appellants, having been unable to persuade us that there is an absolute absence of evidence to support the jury verdict, have not met the difficult standard.

3. Appellants challenge the district court's rejection of their motion in limine concerning certain evidence, but their brief acknowledges that the court sustained objections at trial to some of the contested evidence. With regard to evidence of prior or subsequent injuries, visits to the emergency room by Ms. Palmer, and references to other claims, litigation and settlements by Mr. Navarre, appellants failed to reference any caselaw or any specific portion of the record concerning such evidence. They also failed to argue, let alone demonstrate, how they suffered prejudice as a result of the court's admission of the challenged evidence.

3

For these reasons, the judgment of the district court is

**AFFIRMED.**